## MISHLER v. MERKLE.

A release for a nominal consideration by a husband of his wife's interest in a suit brought by the administrator of an intestate's estate, of which she is one of the distributees, will not render her competent as a witness for the administrator of the estate.

In error from the Common Pleas of Cumberland.

Debt on a bond by defendant to Jacob Mishler, brought by his administrator, to the use of his son. The plaintiff called the widow

of the intestate, to prove the lost bond.    Her present husband had
released to the son, in consideration of one dollar, all her interest
in this suit.   In the course of her examination she stated, that
after the death of the intestate, defendant had obtained possession
of the bond, but promised to keep the money for the son, and pay
it to him when he came of age.    To this, which occurred when she
was sole, she had assented.   It would seem, this was considered as
a release by her.

Graham and Biddle, for plaintiff in error.—The release was
not available, for want of consideration: 1 Rop. on Hus. and
Wife, 225.

Reed, contra.—The witness had released her interest when sole,
for the benefit of her son; and, if she had not, her husband could
release it, though he could not assign it but for value.

PER CURIAM.—This action is brought, not on the defendant's
promise to pay to the son the money secured by the bond, but on
the bond itself.    The plaintiff might have declared on it, as a lost
bond, in the old form; but he has filed a statement of his cause
of action, under the act of 1806, in which he has stated it
particularly.

Sorry are we to say, however, that the release by the second
husband of the obligee's widow, did not remove the objection to
her competency on the score of interest, in the subject-matter of
the suit.   She had an interest in her intestate husband's estate,
and she was consequently incompetent to increase it.    She was in
the predicament of a bankrupt, called to increase the fund.    Did
her second husband's release divest her entirely of it?    It was an
assignment of her chose in action, which was not assignable at law;
and, according to the principle of Siter's case, 4 Rawl. 468, it
passed only his own interest—in other words, a right to take it to
himself, by reducing it to possession.    Surviving him, she would
still be entitled to her full share of her first husband's estate, if the
second should not have received it.    Had he received a valuable
consideration for the assignment or release, its effect would have
been different; but the consideration was merely nominal.    It is
urged, that though she may not have been competent by force of
her husband's release, she was competent by force of her own
release, when she was sole.    But she executed no release.    She
testified, that when the bond was missed, she asked him to say
what would be done now it could not be found; and that when he

said he would keep the money for the son, she was satisfied. There was no contract in that: nor was there a consideration for one, even if the conversation amounted to an agreement to release; yet it is proved by her own oath, and she is not a witness to make way for her own testimony.

Judgment reversed, and a <em>venire de novo</em> awarded.